UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIFE STAR PHARMACY, INC., <br> *doing business as* LIFE STAR PHARMACY, <br> Plaintiff, <br> v. <br> EXPRESS SCRIPTS, INC., <br> Defendant. | Case No. 4:23CV186 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss. ECF No. 29. Plaintiff filed its response in opposition. The Motion is fully briefed and ready for disposition. For the reasons set forth below, Defendant's Motion will be granted.

### Background and Facts

On February 16, 2023, Plaintiff Life Star Pharmacy, Inc., filed this action against Defendant Express Scripts, Inc., alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of New York Public Health Law § 280-a.

Plaintiff's Second Amended Complaint [ECF No. 26] alleges, in pertinent part,[1] that it operates as a full-service community based, independent pharmacy in Bronx, New York. Plaintiff is a participating pharmacy in the Federal 340B Prescription Drug Program, a program which helps ensure that low-income individuals can obtain necessary medication at affordable prices, and in some cases, at no cost. As a 340B Contract Pharmacy, Plaintiff participates in the Federal 340B Prescription Drug Program and provides care to a significant number of patient beneficiaries in the Medicare Part D Program.

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Complaint and accepted as true for purposes of this motion only. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

Defendant is a Pharmacy Benefit Manager ("PBM"). As a PBM, Defendant processes prescription medication claims under patients' health insurance for different third parties including insurance plan sponsors, which include commercial insurance plans, Medicare plans, and Medicaid plans. Defendant essentially serves as an intermediary between plan sponsors and pharmacy providers like Plaintiff.

On or about April 3, 2020, Defendant and Plaintiff entered into a contract, consisting of a Provider Agreement and Provider Manual, among other documents (the "Contract"). After conducting an investigation of Plaintiff that began in March of 2022, Defendant terminated the Contract, effective August 19, 2022,

Accordingly, Plaintiff filed this action, alleging the following five counts in its Second Amended Complaint: three breach of contract claims (Counts One-Three), breach of the implied covenant of good faith and fair dealing (Count Four), and breach of New York Public Health Law § 280-a (Count Five). Plaintiff seeks injunctive relief, monetary damages and costs.

Defendant filed the instant motion, pursuant to Federal Rules of Civil Procedure 12(b)(6), requesting the Court to dismiss Counts Three and Five of Plaintiff's Second Amended Complaint.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623,

627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

**Discussion**

<u>Violation of the "Any Willing Provider" Law (Count Three)</u>

Defendant argues that Plaintiff's claim in Count Three, alleging that Defendant breached the Contract by violating the federal "Any Willing Provider" ("AWP") law, fails because the AWP does not give rise to a private right of action, nor is it a part of the Contract or applicable to

3

the parties' relationship.

*Private Right of Action*

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citation omitted). A private right of action under federal law is not created by mere implication, but must be "unambiguously conferred." *Armstrong v. Exceptional Child Care,* 135 S. Ct. 1378, 1387-88 (2015) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002); *see also, Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979) ("the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action," but Congress must have "intended to create the private right of action asserted"). The "task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Syngenta Seeds, Inc. v. Bunge N. Am., Inc.*, 773 F.3d 58, 63 (8th Cir. 2014) (quoting *Alexander,* 532 U.S. at 288).

Under 42 U.S.C. § 1395w-104(b)(1)(A)'s AWP mandate, "[a] prescription drug plan shall permit the participation of any pharmacy that meets the terms and conditions under the plan." Regulations for the AWP state, "in establishing its contracted pharmacy network, a Part D sponsor offering qualified prescription drug coverage – (i) Must contract with any pharmacy that meets the Part D sponsor's standard terms and conditions." 42 C.F.R. § 423.120(a)(8)(i). Under 42 C.F.R. § 423.505(b)(18), Medicare Part D participants "agree to have standard contract with reasonable and relevant terms and conditions of participation whereby any willing pharmacy may access the standard contract and participate as a network pharmacy." The Court has addressed this issue before and finds that none of these provisions provide an express or implied cause of action. *See Heartland Med., LLC, v. Express Scripts, Inc*., No. 4:17CV2873 JAR, 2018 WL 6831164 at *2 (E.D. Mo. Dec. 27, 2018) (holding that "neither AWP provision can be read

4

as creating a private right of action, either expressly or by implication."); *see also, Sandoval*, 532 U.S. at 289 (holding that the AWP did not create an "implication of an intent to confer rights on a particular class of persons."); *United/Xcel-RX, LLC v. Express Scripts, Inc.*, No. 4:19CV221 SRC, 2019 WL 5536806, at *5 (E.D. Mo. Oct. 25, 2019) (finding that "Congress did not provide for a private right of action under the AWP.").

*Breach of Contract*

Plaintiff maintains that even if there is no private cause of action under the AWP law, it can bring this claim as a breach of contract claim, citing to *Trone Health Servs, Inc. v. Express Scripts Holdings Co.*, 974 F.3d 845, 852 (8th Cir. 2020) (concluding that "the district court erred in dismissing the Pharmacies' breach-of-contract claim on the basis that HIPAA lacks a private cause of action."). Defendant argues this claim still fails because the AWP law was not a term of the parties' Contract.

In this diversity case, Missouri substantive law applies. See *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). To prevail on a breach-of-contract claim under Missouri law, the plaintiff must prove "(1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages." *Kieffer v. Icaza*, 376 S.W.3d 653, 657 (Mo. 2012).

Plaintiff's Second Amended Complaint alleges in Count Three, *inter alia,* that:

> The Provider Manual at Section 7.1 cites to 42 CFR § 423.505(i) and requires Express Scripts to comply with all federal laws and regulations.
>
> 42 CFR § 423.505(i) requires, among other things, "[e]ach and every contract governing Part D sponsors and first tier, downstream, and related entities, must contain the following… (iii) A provision requiring that any services or other activity performed by a first tier, downstream, and related entity in accordance with a contract are consistent and comply with the Part D sponsor's contractual obligations; (iv) Each and every contract must specify that first tier, downstream, and related entities must comply with all applicable Federal laws, regulations, and CMS [Centers for Medicare and Medicaid Services] instructions."
>
> 42 CFR § 423.501 defines "First Tier Entity" as "any party that enters into a written arrangement, acceptable to CMS, with a Part D plan sponsor or application to provide

5

    administrative services or healthcare services for a Medicare eligible individual under Part D." Thus, Express Scripts constitutes a First Tier Entity and must comply with all applicable federal laws, regulations, and CMS instructions.

ECF No. 26 at ¶¶ 80-82.

  Plaintiff's summary of what the Provider Manual requires is misleading. The Provider Manuel does explicitly cite to 42 CFR § 423.505(i), but does not provide the language that Defendant "must comply with all federal laws and regulations." The relevant citation states, "Medicare Part D sponsors retain ultimate responsibility to comply with terms of their CMS contract. 42 CFR § 423.505(i)." *Id.* at Exhibit B, pg. 33.

  Plaintiff's Second Amended Complaint seemingly concedes this in the following paragraph, "Thus, irrespective of whether the Provider Agreement and Provider Manual contain an express compliance with laws provision, 42 CFR § 423.505(i) mandates that '[e]ach and every contract must specify that first tier, downstream, and related entities must comply with all applicable Federal laws, regulations, and CMS instructions.' Thus, the obligation to comply with applicable Federal laws is incorporated into the contracts and must be read into the contract between the parties in the event Express Scripts purposely omits it." *Id.* at ¶ 83. The Complaint continues to explain that because the AWP law is an applicable federal law and is codified in 42 C.F.R. §423.505(b)(18), "when Life Star accepted and complied with Express Scripts' standard terms and conditions, Express Scripts was bound by the Contract and AWP[] [law]. Express Scripts violated the AWP[] [law] when it terminated Life Star without cause from its Pharmacy Network." *Id.* at ¶¶ 84-86.

  Terms not explicit in a contract may be incorporated into the contract by reference under Missouri law, but "the intent to incorporate must be clear." *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.,* 887 F.3d 413, 415 (8th Cir. 2018) (quoting *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 810 (Mo. 2015). To incorporate terms from another document,

6

the contract must "make[ ] clear reference to the document and describe[ ] it in such terms that its identity may be ascertained beyond a doubt." *Intertel, Inc. v. Sedgwick Claims Mgmt. Servs., Inc.,* 204 S.W.3d 183, 196 (Mo. Ct. App. 2006). Missouri courts have consistently held that "mere reference" to another document does not establish a clear intent to incorporate that document. *See, e.g., Dunn Indus. Group, Inc. v. City of Sugar Creek,* 112 S.W.3d 421, 436 (Mo. banc 2003) ("Mere reference to the construction contract in the guaranty is insufficient to establish that Dunn bound itself to the arbitration provision of the construction contract").

Plaintiff argues that this case is similar to *Trone Health,* 974 F.3d at 845, but it is quite distinguishable. In *Trone Health*, the applicable section incorporating The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") into the parties' contract *explicitly* stated:

> ESI shall and Provider shall, and shall cause its Pharmacies to, comply with all federal and state laws, rules and regulations regarding the confidentiality of patient information, *including, but not limited to, compliance with ... HIPAA* and the ... HITECH Act, *including all applicable rules, regulations and official guidance promulgated, in connection with HIPAA* and the HITECH Act ....

*Id.* at 850 (emphasis added).

Here, unlike in *Trone Health*, Plaintiff cannot demonstrate a "clear intent" to incorporate the AWP law in its entirety into the parties' contract. Plaintiff fails to convince the Court that it has sufficiently pled Defendant's obligation to "comply with all applicable Federal laws" solely because 42 CFR § 423.505(i) is referenced in the Provider Manual, which in turn references an obligation to comply with such laws. There is no express language in the parties' Contract stating which laws are intended to be applicable, nor is the AWP explicitly referenced. "[W]hen a contract references another instrument, the language of that instrument becomes a part of the agreement *only to the extent specified by the reference.*" *AB Realty One, LLC v. Miken Techs., Inc.*, 466 S.W.3d 722, 732 (Mo. Ct. App. 2015) (citing *Wilson Mfg. Co. v. Fusco*, 258 S.W.3d 841, 845 (Mo. Ct. App. 2008)) (emphasis added); *see also, Rice v. St. Louis Univ.*, No.

7

4:19CV3166 SEP, 2020 WL 3000431, at *5 (E.D. Mo. June 4, 2020) (finding no breach of contract when addendum does not demonstrate a "clear intent" to incorporate GME Policies and ACGME Requirements in their entireties into contract). The Court also notes even if Plaintiff's attempted effort to apply this "catch-all" phrase to all applicable Federal laws was successful, the Second Amended Complaint fails to identify the relevant entities covered under 42 CFR § 423.505(i), which would require identifying Defendant as a Part D sponsor, that the parties' Contract is a "prescription drug plan," or that Plaintiff or Defendant is a party to a contract between a Part D plan sponsor and CMS. See *United/Xcel-RX,* 2019 WL 5536806, at *5 (finding that the federal AWP statutes and regulations "focus on the entity regulated—the prescription drug plan and sponsor "). For these reasons, the Court will grant Defendant's Motion as to this ground and dismiss Count Three.

New York Public Health Law Section 280-a (Count Five)

Next, Defendant argues that Plaintiff's claim that it breached New York Public Health Law Section 280-a ("Section 280-a") fails because there is no private right of action under the statute. Section 280-a imposes "a duty of good faith and fair dealing with all parties, including but not limited to covered individuals and pharmacies, with whom it interacts in the performance of pharmacy benefit management services." Plaintiff concedes that there is no express private right of action under Section 280-a, but argues that it can establish the necessary factors that imply a private right of action under the statute. Plaintiff does not cite to, nor could the Court find, any relevant precedent that the New York legislature has created a private right of action under Section 280-a. There is one out-of-circuit case from the Third Circuit, cited by both the parties in their briefing, that dismissed a Section 280-a claim finding there is no implied private right of action under the statute. *Matrix Distribs. v. Nat'l Ass'n of Bds. of Pharm.*, Civ. No. 18-17462, 2020 WL 7090688, at *12-13 (D.N.J. Dec. 4, 2020), *aff'd in part, rev'd in part and*

*remanded on other grounds,* 34 F.4th 190 (3d Cir. 2022). However, it is well-settled in this Circuit that it "is not the role of a federal court to expand state law in ways not foreshadowed by state precedent." *Ashley Cty., Ark. v. Pfizer, Inc.,* 552 F.3d 659, 673 (8th Cir. 2009); *see also, Park Irmat,* 911 F.3d at 519 (same). Because Plaintiff does not present any New York case allowing such a claim, the Court declines to address if Section 280-a allows an implied private right of action in the absence of state precedent. Therefore, Defendant's Motion to Dismiss Count Five will be granted.

## Conclusion

For the reasons set forth above, the Court will grant Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss [ECF No. 29] is **GRANTED** and Counts Three and Five of Plaintiff's Second Amended Complaint are **DISMISSED with prejudice.**

Dated this 4th day of March, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**