# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LIFE STAR PHARMACY, INC., *doing business as*, LIFE STAR PHARMACY, <br><br> Plaintiff, <br><br> v. <br><br> EXPRESS SCRIPTS, INC., <br><br> Defendant. | Case No. 4:23CV186 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to alter or amend judgment. ECF No. 41. Defendant filed its response in opposition, and the parties exchanged further replies. The motion is fully briefed and ready for disposition. For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part.

### Background and Facts

On February 16, 2023, Plaintiff Life Star Pharmacy, Inc. filed this action against Defendant Express Scripts, Inc. alleging three breach of contract claims (Counts One-Three), breach of the implied covenant of good faith and fair dealing (Count Four), and breach of New York Public Health Law § 280-a (Count Five). Plaintiff twice amended its Complaint.

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requesting the Court to dismiss Counts Three and Five of Plaintiff's Second Amended Complaint. ECF No. 29. On March 4, 2024, the Court issued an Order granting Defendant's motion and dismissing Counts Three and Five of Plaintiff's Second Amended Complaint with prejudice. ECF No. 39. Relevant to the instant motion, the Court found that Count Three, alleging a breach of contract claim against Defendant for violating the federal "Any Willing

Provider" ("AWP") law, failed because the AWP does not give rise to a private right of action, nor was the AWP clearly incorporated or expressly referenced in the parties' contract or applicable to the parties' relationship. *Id.* at pp. 4-8.

Plaintiff requests, pursuant to Federal Rules of Civil Procedure 59 and 60, that the Court reconsider its Order dismissing Count Three and reinstate that claim. In the alternative, Plaintiff requests that the Court amend its Order to reflect that Count Three is dismissed without prejudice and allow Plaintiff an opportunity to amend its Complaint yet again. Both parties filed notices of supplemental authority in support of their respective positions. Defendant's notice of supplemental authority attached a recent case in this District that supports the Court's analysis for dismissing Count Three. ECF No. 62. Plaintiff's notice of supplemental authority attached an out-of-circuit case from the Southern District of New York confirming an arbitration award that discussed the Eighth Circuit's reasoning in *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 851-52 (8th Cir. 2020) (finding that pharmacies could base their breach of contract claims on a violation of HIPAA even though HIPAA lacked a private right of action). ECF No. 63.

**Legal Standard**

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999)). "A motion for reconsideration is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (internal citation and quotation marks omitted). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer*

2

*Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

Federal Rule of Civil Procedure 59(e) permits the Court to rectify its own mistakes immediately following the entry of judgment. *Norman v. Ark. Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Thus, a Rule 59(e) motion serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013).

Under Rule 60(b), a court may grant a party relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b)(6), the "catchall" provision, is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

**Discussion**

Plaintiff attempts to persuade the Court to grant relief from its own findings by maintaining essentially the same arguments that it already made in its response in opposition to

3

Defendant's motion to dismiss. Specifically, Plaintiff asks the Court to find that the AWP law is explicitly referenced in the parties' contract through a citation to 42 C.F.R. § 423.505(i), which requires compliance with all federal laws and regulations, or in the alternative, for the Court to find the parties clearly intended to incorporate such reference. Plaintiff also argues that the Court did not properly apply the standard for a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6).

      The Court will first address Plaintiff's request for reconsideration and reinstatement of Count Three of the Second Amended Complaint. The Court's March 4, 2024 Order applies the correct standard pursuant to Rule 12(b)(6) and discusses the applicable law regarding a breach of contract claim under Missouri law. The Court explained why the citation to 42 C.F.R. § 423.505(i) does not explicitly reference or clearly intend to incorporate the AWP law in the parties' contract. The analysis applies to all of Plaintiff's arguments in the instant motion, and Plaintiff has not shown that the Court's Order was the result of manifest error of law or fact, nor has Plaintiff presented anything new or any "extraordinary circumstances" justifying relief. Plaintiff's notice of supplemental authority also does not present anything new, as the Court discussed in its Order why the finding in *Trone Health Services*, 974 F.3d at 851-52, is distinguishable from the issues in this case. Further, the decision Plaintiff presents is not binding on this Court, whereas Defendant's supplemental authority is a recent case from this District that supports this Court's reasoning for dismissing Count Three. Therefore, the Court will deny Plaintiff's request for reconsideration and reinstatement of Count Three because it is an attempt to "to relitigate old matters" already addressed by the Court. *United States v. Mask of Ka-Nefer-Nefer*, No. 4:11CV504 HEA, 2012 WL 1977242, at *1 (E.D. Mo. June 1, 2012), *aff'd,* 752 F.3d 737, 744 (8th Cir. 2014) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)).

The Court will also consider Plaintiff's request that the Court amend its Order to reflect that Count Three is dismissed without prejudice. Dismissal with prejudice operates as an adjudication on the merits and bars a party from returning to a court with the same claim. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Conversely, dismissal without prejudice means that the party is not barred from returning to a court with the same underlying claim. *Id*. As the Court does not intend to dismiss Count Three (or Count Five) on the merits, the Court will amend its Order to dismiss *without* prejudice.

Because the Court will amend its Order to dismiss *without* prejudice instead of *with* prejudice, the next issue is whether to permit Plaintiff to amend its Complaint. If allowed to amend, Plaintiff intends to provide new allegations and information to clarify and further articulate why the "compliance with law provision" as required by 42 C.F.R. § 423.505(i) applies to Defendant and the parties' contract. Plaintiff also intends to offer a new theory of relief under contract reformation. Plaintiff did not submit a proposed Third Amended Complaint. Defendant responds that Plaintiff's request to amend its Complaint in a motion to reconsider is improper, as Plaintiff never previously moved to amend its Complaint on these grounds, nor did Plaintiff request such relief in its memorandum in opposition to Defendant's motion to dismiss.

Although the Court is not in a position at this stage in the proceedings to conclude that an amendment to Count Three would be futile, Plaintiff's request for leave to amend after dismissal and without filing a proposed amended Complaint is clearly inadequate under Eighth Circuit precedent. *See Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 519 (8th Cir. 2018) (affirming denial of leave to amend where plaintiff did not move to amend or request leave to amend the complaint in opposition to the motion to dismiss, and did not include a proposed amendment in its brief); *Mask of Ka-Nefer-Nefer,* 752 F.3d at 742 ("[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff

5

did not file one."); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). The Eighth Circuit has repeatedly held that "the district court is not required to engage in a guessing game as a result of the plaintiff's failure to specify proposed new allegations." *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 885 (8th Cir. 2009) (quoting *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 914 (8th Cir. 2002) (internal quotations marks and alterations omitted). Therefore, the Court will deny Plaintiff's request for leave to amend its Second Amended Complaint.

## Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's motion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend judgment [ECF No. 41] is **GRANTED in part and DENIED in part.** Plaintiff's request for Count Three to be dismissed without prejudice is **GRANTED**, and the March 4, 2024 Order is amended to a limited extent herein to reflect that Counts Three and Five of Plaintiff's Second Amended Complaint are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's request for reinstatement of Count Three and motion to amend its Second Amended Complaint are **DENIED**.

Dated this 5th day of February, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE