**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIFE STAR PHARMACY, INC. D/B/A LIFE STAR PHARMACY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:23-cv-00186-JAR |
| v. | ) ) | |
| EXPRESS SCRIPTS, INC., | ) ) | |
| Defendant. | ) | |

### JOINT UNSEALED MOTION FOR CONTINUED SEALING OF DOCUMENTS

Under Local Rule 13.05(A)(4), Plaintiff Life Star Pharmacy, Inc. D/B/A Life Star Pharmacy and Defendant Express Scripts, Inc. (the "Parties") jointly move for continued sealing of the documents filed under seal in this case.

1.      The Court granted leave to file these documents under seal (the "Sealed Documents"). *See* ECF Nos. 17, 24, 76, 100 and 114.

| ECF No. | Document Description |
|---|---|
| 16 | Sealed Memorandum in Support of [15] Unopposed Motion to Seal |
| 16-1 | Sealed Exhibit A - Provider Manual |
| 18 | Sealed Exhibit A re [14] Memorandum in Support of Motion to Dismiss |
| 22 | Sealed Memorandum in Support of Motion, Complaint and Exhibits Included |
| 26 | Sealed Second Amended Complaint |
| 53 | Sealed Memorandum in Support of [52] Motion for Leave to Seal |
| 53-1 | Sealed Exhibit 1 to Motion to Compel Discovery |
| 53-2 | Sealed Exhibit 12 - 2022 ESI Network Provider Manual |
| 53-3 | Sealed Exhibit 14 - Plaintiff's Rule 26 Initial Disclosures |
| 77 | Sealed Exhibits - Exhibit 1 to Motion to Compel Discovery |
| 77-1 | Sealed Exhibits - Exhibit 12 - 2022 ESI Network Provider Manual |
| 77-2 | Sealed Exhibits - Exhibit 14 - Plaintiff's Rule 26 Initial Disclosures |
| 98 | Sealed Memorandum in Opposition to Motion to Compel |
| 98-1 | Sealed Exhibit - Affidavit/Declaration of Jason Silberberg |
| 111 | Sealed Motion by Plaintiff for Leave to File Third Amended Complaint |
| 111-1 | Sealed Memorandum in Support of Motion |
| 111-2 | Sealed Third Amended Complaint |

2.      Publicly accessible redacted copies of ECF Nos. 22, 26, 91, and 111 can be found at ECF No. 23, 96, and 113. As to the remaining Sealed Documents, the Court granted leave to file them under seal in their entirety because they are impracticable to redact. *See, e.g.*, ECF No. 16 (requesting such relief), ECF No. 17 (granting this requested relief).

3.      Although "there is a common-law right of access to judicial records, that "right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). The right of access to judicial records can be overcome by showing "compelling reasons" for maintaining the confidentiality of the information sought to be sealed. *Id.* The court must balance the right of public access with the interests served by maintaining confidentiality of the information sought to be sealed. *IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1223 (8th Cir. 2013).

4.      As set forth in detail in the motions to seal and memoranda in support filed with the documents (ECF Nos. 15-16, 21-22, 52-53, 97-98, 110-111), the Sealed Documents contain or reference confidential, proprietary, and competitive sensitive pricing terms, PBM reimbursement formulas, and contract provisions from the Parties' contract and amendments.

5.      The disclosure of this information would cause substantial economic and competitive injury to both Life Star and Express Scripts, whose competitors could use this information to gain a competitive advantage over the Parties. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) (affirming order granting motion to seal "sensitive business information"). On the other hand, the public's interest in access to the Sealed Documents is minimal, if any such interest even exists.

6.      The Parties therefore request that the Sealed Documents remain under seal indefinitely because the public release of these documents will injure the Parties, and the Parties intend for the confidential, proprietary, and competitively sensitive information contained in the Sealed Documents to remain confidential.

WHEREFORE, for the foregoing reasons set forth herein, in the accompanying sealed memorandum in support, and in the motions and memoranda previously filed requesting the sealing of these documents (ECF Nos. 15-16, 21-22, 52-53,97-98, 110-111), the Parties request that the Court grant the Joint Motion for Continued Sealing Documents and such other and further relief as the Court deems just and proper.

Dated February 11, 2026                    Respectfully submitted,

/s/ *Jonathan E. Levitt*
Jonathan E. Levitt, Esq.
Todd Mizeski, Esq.
Jason N. Silberberg, Esq.
Diana Ryzhova, Esq.
Michael N. Sheflin, Esq.
**FRIER LEVITT, LLC**
84 Bloomfield Avenue
Pine Brook, NJ 07058
(973) 618-1660 (tel)
*jlevitt@frierlevitt.com*
*tmizeski@frierlevitt.com*
*jsilberberg@frierlevitt.com*
*dryzhova@frierlevitt.com*
*msheflin@frierlevitt.com*

***Attorneys for Plaintiff Life Star Pharmacy, Inc***

/s/ *Kyle P. Seelbach*
Kyle P. Seelbach (60382MO)
Jason Husgen (66761MO)
Mary Kate Mullen (70265MO)
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Phone: 314.480.1500
kyle.seelbach@huschblackwell.com
jason.husgen@huschblackwell.com
marykate.mullen@huschblackwell.com

***Attorneys for Defendant Express Scripts, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of February 2026, a copy of the foregoing document was filed with the Clerk of the Court and served upon counsel of record via the Court's ECF system.

*/s/ Kyle P. Seelbach*